UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
One North Broadway, Suite 1502
White Plains, New York 10601
(914) 328-0404
Attorneys of Record:
    Greg A. Riolo (GR 1634)
    Michael A. Frankel (MF 9712)
-----------------------------------------------------------------X
ISHA WESTERN,

                                  Plaintiff,          07 Civ. 6247 (PKC)

   -against-

AMERIPATH, INC.,

                                  Defendant.
-----------------------------------------------------------------X

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT, WITH PREJUDICE, FOR FAILURE TO PROSECUTE**

# TABLE OF CONTENTS

Page #

PRELIMINARY STATEMENT .................................................................................................. 1

PROCEDURAL HISTORY........................................................................................................... 1

ARGUMENT ................................................................................................................................. 2

POINT I   THIS COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT FOR
          FAILURE TO PRESECUTE HER CASE………………………………………..2

    A.   Rule 41(b) Of The Federal Rules Of Civil Procedure Provides The Court With
          Broad Discretion To Dismiss An Action For Failure To Prosecute. .......................... 3

        1.   Plaintiff Has Repeatedly Failed To Pursue Her Claims. ....................................... 4

        2.   Plaintiff Received Notice That Further Delays Would Result In Dismissal......... 5

        3.   Defendant Will Be Prejudiced By Further Delay.................................................. 5

        4.   The Balance Between Alleviating Court Calendar Congestion And Protecting
              Plaintiff's Right To Due Process Favors Dismissal. ............................................. 6

        5.   The Imposition of Lesser Sanctions Would Likely Prove Futile. ......................... 7

    B.   Courts In The Second Circuit Have Dismissed Factually Similar Cases. ................... 7

POINT II   IF THE COURT DECLINES TO DISMISS PLAINTIFF'S LAWSUIT,
           THE CASE SHOULD BE REASSIGNED TO WHITE PLAINS……………......8

CONCLUSION............................................................................................................................... 9

# TABLE OF AUTHORITIES

## FEDERAL CASES

Civil v. New York City Dep't of Corrs., 91 Civ. 2946, 1993 U.S. Dist. LEXIS 1918 (S.D.N.Y. Feb. 23, 1993) ..................................................................................................................6, 7

Coss v. Sullivan County Jail Adm'r, 92 Civ. 7618, 1997 U.S. Dist. LEXIS 930 (S.D.N.Y. Feb. 3, 1997) ...................................................................................................................4, 5, 6

Daniels v. Montefiore Med. Admin. Staff, 94 Civ. 6895, 95 Civ. 3217, 1997 U.S. Dist. LEXIS 4158 (S.D.N.Y. Mar. 31, 1997), adopted by, Daniels v. Montefiore Med. Admin. Staff, 94 Civ. 6895, 95 Civ. 3217, 1997 U.S. Dist. LEXIS 5349 (S.D.N.Y. Apr. 23, 1997), clarified by, Daniels v. Montefiore Med. Admin. Staff, 94 Civ. 6895, 95 Civ. 3217, 1997 U.S. Dist. LEXIS 8731 (S.D.N.Y. June 20, 1997)..............................................7, 8

Link v. Wabash R.R. Co., 370 U.S. 626, 82 S. Ct. 1386 (1962) ......................................................3

Lyell Theatre Corp. v. Lowes Corp., 682 F.2d 37 (2d Cir. 1982) ...............................................3, 4

Peart v. City of New York, 992 F.2d 458 (2d Cir. 1993) ........................................................3, 4, 6

Stoenescu v. Jablonsky, 93 Civ. 3500, 1995 U.S. Dist. LEXIS 9634 (S.D.N.Y. July 12, 1995) ....7

Stoute v. Rockefeller Found., 93 Civ. 2628, 1995 U.S. Dist. LEXIS 17875 (S.D.N.Y. Nov. 30, 1995) ......................................................................................................................4, 5, 8

## FEDERAL STATUTES

Fed. R. Civ. P. 16(f).........................................................................................................................3

Fed. R. Civ. P. 41(b).......................................................................................................................3

## PRELIMINARY STATEMENT

Defendant, Ameripath New York, Inc. ("Ameripath"), hereby moves this Court pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for an Order dismissing Plaintiff's Complaint, with prejudice, due to her failure to prosecute this case. For the reasons set forth herein, Defendant respectfully requests that its motion be granted.

## PROCEDURAL HISTORY

On or about October 13, 2006, Tonya Oaks and Isha Western filed Plaintiffs' First Amended Original Complaint in the United States District Court for the Southern District of Texas.[1] On July 6, 2007, the claims of Plaintiff Western ("Plaintiff") were transferred to this Court by the United States District Court for the Southern District of Texas. (See Frankel Aff., Ex. B, docket entry # 1).[2] On July 12, 2007, the Court scheduled an initial pre-trial conference for July 27, 2007. (See Frankel Aff., Ex. B, docket entry # 2). At the request of John A. Craner, Esq., an attorney who was considering entering a Notice of Appearance on behalf of Plaintiff, the Court adjourned the initial pre-trial conference until September 21, 2007 at 9:30 a.m. (See Frankel Aff., Ex. B, docket entry # 5).

By letter dated July 27, 2007, Defendant requested the case be reassigned from New York City to White Plains pursuant to Rules 21 and 22 of the Local Rules for Division of Business Among Judges. (See Frankel Aff., Ex. C).[3] The Court directed Plaintiff to respond to Defendant's July 27, 2007 correspondence by August 20, 2007. (See Frankel Aff., Ex. B,

---

[1] Plaintiffs' First Amended Original Complaint is attached to the Affirmation of Michael A. Frankel, Esq., In Support Of Defendant's Motion To Dismiss Plaintiff's Complaint, With Prejudice, For Failure To Prosecute ("Frankel Aff.") as Exhibit A.

[2] The Docket Report for this case is attached to the Frankel Aff. as Exhibit B.

[3] A copy of Defendant's July 27, 2007 correspondence requesting the case be transferred from New York City to White Plains is attached to the Frankel Aff. as Ex. C.

docket entry # 6). To date, Plaintiff has failed to respond to Defendant's request to reassign the case to White Plains.

On September 21, 2007, Plaintiff failed to appear at the initial pre-trial conference. (See Frankel Aff., Ex. B, docket entry # 8). On September 21, 2007, the Court issued an Order advising Plaintiff if she failed to appear at the next court conference on October 5, 2007 at 11:45 a.m., the Court would dismiss her case for failure to prosecute. (See Frankel Aff., Ex. D).[4] Mr. Craner provided Plaintiff the Court's September 21, 2007 Order. (Frankel Aff. ¶ 11). On October 5, 2007, Plaintiff again failed to appear at the initial pre-trial conference. (See Frankel Aff., Ex. E).[5]

## ARGUMENT

### POINT I

### THIS COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO PRESECUTE HER CASE.

Since Plaintiff commenced this lawsuit and her case was transferred to this Court, she has made no effort or attempt to proceed with her case. Specifically, Plaintiff failed to: (1) obey a directive from this Court to respond to Defendant's request to reassign the case to White Plains; and (2) appear at two court conferences, even though Plaintiff knew failing to appear at the October 5, 2007 court conference would result in the dismissal of her case. Further, Plaintiff has made no attempt to communicate with Defendant's counsel or the Court regarding this case.

---

[4] A copy of the Court's September 21, 2007 Order Advising That Case Will Be Dismissed For Failure To Appear is attached to the Frankel Aff. as Exhibit D.

[5] A copy of the transcript for the October 5, 2007 initial pre-trial conference is attached to the Frankel Aff. as Exhibit E.

2

Therefore, Plaintiff's case should be dismissed in its entirety, with prejudice, for failure to prosecute.

### A. Rule 41(b) Of The Federal Rules Of Civil Procedure Provides The Court With Broad Discretion To Dismiss An Action For Failure To Prosecute.[6]

Fed. R. Civ. P. 41(b) provides:

> **Involuntary Dismissal: Effect thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Dismissal of an action for a plaintiff's failure to prosecute is a matter committed to the sound discretion of the trial court. See Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993). The Supreme Court has recognized the inherent power of a district judge to dismiss a case for a plaintiff's failure to prosecute:

> [T]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts.

Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1 388 (1962) (footnotes omitted). The authority to dismiss a case for failure to prosecute "is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." Lyell Theatre Corp. v. Lowes Corp., 682 F.2d 37, 42 (2d Cir. 1982).

---

[6] Defendant brings this motion pursuant to Fed. R. Civ. P. 41(b) based on Plaintiff's failure to prosecute her case. Defendant notes, however, that dismissal may also be proper under Fed. R. Civ. P. 16(f) which permits sanctions, including dismissal of a case, based upon a party's failure to appear at a court conference.

3

Dismissal is warranted where, as here, a plaintiff has not prosecuted her case with due diligence. See Lyell, 682 F.2d at 42-43. In determining whether to dismiss an action under Rule 41(b), this Court should assess the entire record and consider the following factors:

> (1) the duration of plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the district judge has carefully balanced the need to alleviate court calendar congestion and a party's right to due process; and (5) whether the court has assessed the efficacy of lesser sanctions.

Peart, 992 F.2d at 461 (citations omitted). No single factor is dispositive. Coss v. Sullivan County Jail Adm'r, 92 Civ. 7618, 1997 U.S. Dist. LEXIS 930, *9 (S.D.N.Y. Feb. 3, 1997).[7] These factors apply whether the plaintiff is represented by counsel or proceeding *pro se*. Stoute v. Rockefeller Found., 93 Civ. 2628, 1995 U.S. Dist. LEXIS 17875, *5 (S.D.N.Y. Nov. 30, 1995). Each of the five factors set forth by the Peart Court favors dismissal of this action.

### 1. Plaintiff Has Repeatedly Failed To Pursue Her Claims.

Since Plaintiff's case was transferred to this Court on July 6, 2007, Plaintiff has shown no interest in pursuing her claims. Plaintiff has failed to appear at two mandatory court conferences and has not responded to Defendant's request to transfer the case to White Plains. Plaintiff has never contacted Defendant's counsel or the Court to explain her inactivity and violations of Court orders. Further, Plaintiff has demonstrated indifferent behavior toward the Court and Defendant by failing to notify anyone she would not attend the September 21, 2007 and October 5, 2007 court conferences, thereby wasting valuable judicial resources and Defendant's time. Thus, the first Peart factor - - the duration of the Plaintiff's delays - - favors dismissal.

---

[7] Copies of all unreported decisions cited on LEXIS herein are attached to the Frankel Aff. as Ex. F.

4

2.  **Plaintiff Received Notice That Further Delays Would Result In Dismissal.**

On September 21, 2007, the Court issued an Order advising Plaintiff in bold, large cap typeface that the Court would dismiss her lawsuit for failure to prosecute if she failed to appear at the October 5, 2007 court conference. (See Frankel Aff., Ex. D). Mr. Craner informed Defendant's counsel that he mailed Plaintiff the Court's September 21, 2007 Order. (Frankel Aff. ¶ 11). In addition, Defendant's counsel provided Plaintiff the transcript for the October 5, 2007 court conference where the Court reviewed Plaintiff's repeated failures to prosecute her case and emphasized its prior warning to Plaintiff contained in the September 21, 2007 Order. (See Frankel Aff., Ex. E). Since Plaintiff had ample notice that her violations of Court orders and inactivity would result in dismissal, the second Peart factor - - notice to Plaintiff - - favors dismissal.

3.  **Defendant Will Be Prejudiced By Further Delay.**

Due to Plaintiff's continued inactivity in this action, the Court may presume that Defendant will be prejudiced by Plaintiff's failure to prosecute this case. See Coss, 1997 U.S. Dist. LEXIS 930 at *12; Stoute, 1995 U.S. Dist. LEXIS 17875 at *7. Since Plaintiff's case was transferred to this Court, she has done nothing to pursue her claims or move the case forward. Nonetheless, Defendant has incurred, and is continuing to incur, attorneys' fees and costs in connection with this action - - an action which is congesting the court's docket and potentially preventing other plaintiffs from access to this Court.

To date, defense counsel has already interviewed several potential defense witnesses regarding their knowledge of the facts related to this action, attended two court conferences and prepared the instant motion. Defendant cannot be expected to continue to incur attorneys' fees and costs until the time in which Plaintiff is ready to take an interest in this case.

See Peart, 992 F.2d at 462. In addition, the acts of which Plaintiff complains, including her termination from employment, occurred in 2005, more than two years ago. (See Frankel Aff., Ex. A). Plaintiff's delays will inevitably deprive Defendant of its ability to effectively defend this case as further delays may render defense witnesses unavailable, or impact their ability to recollect with accuracy relevant events.

For the reasons explained above, the actual and potential prejudice to Defendant is real. Therefore, the third Peart factor - - prejudice to Defendant - - unquestionably favors dismissal.

### 4. The Balance Between Alleviating Court Calendar Congestion And Protecting Plaintiff's Right to Due Process Favors Dismissal.

The Court "must strike a balance between alleviating the congestion of its calendar and protecting [Plaintiff's] right to due process and [her] chance to be heard. See Coss, 1997 U.S. Dist. LEXIS 930 at **14-15. This balance favors dismissal.

Plaintiff had an obligation to move this case forward, yet she has failed to do so. Conversely, this Court has made every effort to protect Plaintiff's due process rights. The Court scheduled two initial pre-trial conferences and specifically warned Plaintiff that failure to attend the October 5, 2007 court conference would result in the dismissal of her lawsuit. (See Frankel Aff., Ex. D). Further, by sending Plaintiff a copy of the transcript from the October 5, 2007 court conference, Defendant notified Plaintiff of the risks of her failure to prosecute this action.

Plaintiff's inaction demonstrates her disregard for the integrity of the judicial system and an unwillingness to abide by the rules of that system. See Civil v. New York City Dep't of Corrs, 91 Civ. 2946, 1993 U.S. Dist. LEXIS 1918, **4-5 (S.D.N.Y. Feb. 23, 1993) ("A party who seeks to vindicate his [or her] rights through the judicial system must at least attempt to play by the rules of that system. At a minimum, this means communicating with adversaries

and with the court in a timely and meaningful manner, and obeying the orders of the Court."). Accordingly, the fourth Peart factor weighs in favor of dismissal.

### 5. The Imposition of Lesser Sanctions Would Likely Prove Futile.

In the instant case, imposing sanctions less extreme than dismissal would be impotent. Imposing a monetary fine is the only possible, alternative sanction. Since Plaintiff is apparently proceeding *pro se*, there is no counsel upon whom this Court could impose a monetary fine. Further, there is no indication that imposing a monetary sanction would compel Plaintiff to prosecute her case. Since the Court specifically advised Plaintiff that the failure to prosecute her case would lead to the dismissal of her lawsuit, and Plaintiff once again ignored the Court's decree, dismissal is an appropriate sanction in this matter.

### B. Courts In The Second Circuit Have Dismissed Factually Similar Cases.

Courts in this Circuit have not hesitated to dismiss cases involving a plaintiff's failure to attend court conferences or to engage in the discovery process. See, e.g., Stoenescu v. Jablonsky, 93 Civ. 3500, 1995 U.S. Dist. LEXIS 9634, **7-8 (S.D.N.Y. July 12, 1995) (dismissing *pro se* plaintiff's case where plaintiff, *inter alia*, failed to appear at two court conferences, and "failed to prosecute [her case] in any manner"); Civil, 1993 U.S. Dist. LEXIS 1918 at **4-7 (dismissing *pro se* plaintiff's case with prejudice where plaintiff failed to appear at scheduled depositions and conferences); Daniels v. Montefiore Med. Admin. Staff, 94 Civ. 6895, 95 Civ. 3217, 1997 U.S. Dist. LEXIS 4158, at **4-8 (S.D.N.Y. Mar. 31, 1997) (recommending dismissal with prejudice of two cases filed by plaintiff, where plaintiff, *inter alia*, failed to appear at scheduled court conferences and failed to take any action to move his cases forward), adopted by Daniels v. Montefiore Med. Admin Staff, 94 Civ. 6895, 95 Civ. 3217, 1997 U.S.

Dist. LEXIS 5349 (S.D.N.Y. Apr. 23, 1997), clarified by, Daniels v. Montefiore Med. Admin. Staff, 94 Civ. 6895, 95 Civ. 3217, 1997 U.S. Dist. LEXIS 8731 (S.D.N.Y. June 20, 1997).

Similar to the plaintiffs in the above cases, Plaintiff has "shown no interest in pursuing [her] claims against [Ameripath] . . . and [her] refusal to become an active participant in [her] own lawsuit continues to this day." See Stoute, 1995 U.S. Dist. LEXIS 17875 at *6. Accordingly, this Court should reach the same result as other courts in this district and dismiss Plaintiff's case with prejudice.

## POINT II

### IF THE COURT DECLINES TO DISMISS PLAINTIFF'S LAWSUIT, THE CASE SHOULD BE REASSIGNED TO WHITE PLAINS.

If the Court does not dismiss Plaintiff's Complaint with prejudice, this case should be reassigned to the courthouse in White Plains pursuant to Rules 21 and 22 of the Local Rules for the Division of Business Among District Judges. A civil case shall be designated for assignment in White Plains if, *inter alia*, the claims arose in whole or in major part in Westchester County and at least one of the parties resides in Westchester County. (See Rule 21). Defendant's local office where Plaintiff was assigned is located in Port Chester, New York. (Frankel Aff. ¶ 12). All of the material facts asserted in the Complaint allegedly occurred in Defendant's Port Chester branch. To the best of Defendant's knowledge, potential witnesses identified by Plaintiff in her Complaint either currently work or worked at the Port Chester office. (Frankel Aff. ¶ 13).

Maintaining this action in New York City would impose an undue burden on Defendant, as well as all the non-party witnesses in this matter. Therefore, consistent with Rules

21 and 22, if Plaintiff's Complaint is not dismissed with prejudice, Defendant respectfully requests this matter be transferred to the District Court sitting in White Plains.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests this Court dismiss Plaintiff's Complaint, with prejudice. In the alternative, Defendant requests the case be transferred to White Plains.

Respectfully submitted,

JACKSON LEWIS LLP
One North Broadway, Suite 1502
White Plains, New York 10601
(914) 328-0404

BY: *michael Frankel*
Greg A. Riolo (GR 1634)
Michael A. Frankel (MF 9712)

ATTORNEYS FOR DEFENDANT AMERIPATH NEW YORK, INC.

Dated:   October 19, 2007
         White Plains, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
One North Broadway, Suite 1502
White Plains, New York 10601
(914) 328-0404
Attorneys of Record:
    Greg A. Riolo (GR 1634)
    Michael A. Frankel (MF 9712)

-------------------------------------------------------------X
ISHA WESTERN,

                    Plaintiff,        07 Civ. 6247 (PKC)

  -against-

AMERIPATH, INC.,

                    Defendant.
-------------------------------------------------------------X

### CERTIFICATE OF SERVICE

     I hereby certify that on October 19, 2007, I served a true and correct copy of Defendant's Memorandum Of Law In Support Of Its Motion To Dismiss Plaintiff's Complaint, With Prejudice, For Failure To Prosecute, via Federal Express Overnight Delivery and First Class U.S. Mail, postage pre-paid, upon Plaintiff, Isha Western, at her current address:

                Ms. Isha Western
                2081 Fontainbleu Drive
                Conyers, Georgia 30094

                _____
                    Michael A. Frankel