**EXHIBIT F**

LEXSEE 1993 USDIST LEXIS 1918

JAMES A. CIVIL II, Plaintiff, v. NEW YORK CITY DEPARTMENT OF COR-
RECTIONS, Defendant.

91 Civ. 2946 (SS)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
NEW YORK

*1993 U.S. Dist. LEXIS 1918*

February 19, 1993, Decided
February 23, 1993, Filed

**JUDGES:** [*1] SOTOMAYOR

**OPINION BY:** SONIA SOTOMAYOR

**OPINION**

**MEMORANDUM OPINION AND ORDER**

SONIA SOTOMAYOR, U.S.D.J.

Defendant, the New York City Department of Corrections, moves to dismiss this action with prejudice, pursuant to *Fed. R. Civ. P. 16(f), 37(b)(2)(C)* and *41(b)*, and General Rule 5(b) of the Local Rules for the Southern and Eastern Districts of New York, on the grounds that plaintiff has repeatedly violated court orders and has refused to cooperate in discovery. For the reasons set forth below, defendant's motion is **GRANTED**.

*I. Background*

The close of discovery has been adjourned in this matter on numerous occasions because of plaintiff's failure to submit to a deposition. The last scheduled deadline of July 15, 1992 was ignored by plaintiff. Moreover, plaintiff failed, without explanation, to appear at two pre-trial conferences scheduled by Judge Pierre Leval for April 3, 1992 and July 17, 1992, and failed to comply with Judge Leval's Order, dated July 17, 1992, requiring plaintiff to appear for a deposition on September 2, 1992.

Plaintiff again failed to appear at a Court conference on October 29, 1992. That day, in light of plaintiff's history of disregarding and disobeying [*2] court orders, the Court entered an order (the "Order") explicitly advising plaintiff to appear for a deposition on December 8, 1992 at 100 Church Street, New York, - New York, and cautioning plaintiff that the Court would dismiss this action with prejudice for failure to prosecute if he did not attend that deposition.

Defendant advised plaintiff of the Order by telephone on November 2, 1992. In addition, plaintiff conceded that he received defendant's letter enclosing the Order at least one week before the deposition date. Nonetheless, he waited until the morning of the scheduled deposition to call defendant and the Court to advise them that he could not attend the deposition because of work commitments. He did not explain why he waited until the last moment to cancel the scheduled deposition. Moreover, when he telephoned the Court, he indicated that he had a telecopier available for his use and was directed to explain in a letter his failure to appear at the deposition and to telecopy the letter to Chambers. Plaintiff did not telecopy the letter, choosing instead to mail it. The letter arrived in Chambers, dated December 8 but postmarked December 19, 1992. In his letter, plaintiff [*3] offered no explanation as to why he waited until the last moment to cancel the Court-ordered deposition.[1]

1   The letter appears to have been an ex parte communication with the Court. It has been docketed and entered into the Courthouse's official case file.

Case 1:07-cv-06247-PKC    Document 11-7    Filed 10/19/2007    Page 3 of 20

Page 2
1993 U.S. Dist. LEXIS 1918, *

On December 24, 1992, defendant filed a motion to dismiss plaintiff's action with prejudice. By order dated January 5, 1993, the Court advised plaintiff that he had twenty days in which to respond to defendant's motion and that the Court would grant defendant's motion and dismiss the case if plaintiff failed to respond. The Court directed the Clerk to send a copy of that order to the plaintiff at two different addresses. More than one month has passed, and the Court has not received from plaintiff any response to defendant's motion.

## II. Discussion

The Court is cognizant that the dismissal of an action is a drastic remedy that should be invoked only sparingly to enforce a court's orders. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976). [*4] Nevertheless, this Circuit has recognized that dismissal of an action can be appropriate when a party, even a *pro se* litigant, has failed to comply with Court orders, or cooperate in discovery, when such failure is willful or in bad faith. *See, e.g., Bobal v. Rensselaer Polytechnic Institute, et al.*, 916 F.2d 759 (2d Cir. 1990), *cert. denied*, U.S. , 111 S. Ct. 1404, 113 L. Ed. 2d 459 (1991); *Minotti v. Lensink*, 895 F.2d 100 (2d Cir. 1990); *McDonald v. Head Criminal Court Superior Officer, et al.*, 850 F.2d 121 (2d Cir. 1988); and *Update Art. Inc. v. Modiin Publishing, Ltd.*, 843 F.2d 67 (2d Cir. 1988).

Here, plaintiff has demonstrated repeated disdain for the orders of the Court and for his adversary. He has ignored deadlines set by the Court and has failed to appear at scheduled depositions or conferences, despite multiple adjournments. Moreover, when he finally communicated with the Court, he waited until the Court-appointed date to cancel the deposition even though he had known of the deposition for at least one month.

A party [*5] who seeks to vindicate his rights through the judicial system must at least attempt to play by the rules of that system. At a minimum, this means communicating with adversaries and with the court in a timely and meaningful manner, and obeying the orders of the Court. Plaintiff's conduct, instead, has reflected a willful disregard for the integrity of the judicial process. The Court has given plaintiff ample opportunity to comply with its orders and to prosecute its actions, including the approval of numerous adjournments and extensions.

Plaintiff has so flouted the orders of the Court on so many different occasions that dismissal is appropriate under a panoply of rules, including any and all of the following: *Fed. R. Civ. P. 37(b)(2)(C)*, for failure to obey the Court's discovery orders, including that of October 29, 1992; under *Fed. R. Civ. P. 37(d)*, for plaintiff's failure to attend his own Court-ordered deposition; under *Fed. R. Civ. P. 16(f)*, for failure to obey the scheduling and pretrial orders and for repeatedly failing to attend scheduling and pretrial conferences; and finally, under General Rule 5(b) of the Local Rules of Practice of the United States District Courts for [*6] the Southern and Eastern Districts of New York, for failure to appear at conferences. [2] *See generally Salahuddin v. Harris*, 782 F.2d 1127 (2d Cir. 1986) (discussing various rules that allow for dismissal of a complaint).

[2] Because dismissal is appropriate on so many other grounds, especially *Fed. R. Civ. P. 37*, the Court need not resort to *Fed. R. Civ. P. 41(b)*, which "appears in that part of the Rules concerned with *trials* and which lacks such specific references to discovery." *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759 (2d Cir. 1990) (citations omitted), *cert. denied*, U.S. , 111 S. Ct. 1404, 113 L. Ed. 2d 459 (1991).

## III. Conclusion

For the reasons set forth above and in the Court's Order of October 29, 1992, IT IS ORDERED THAT the complaint is hereby dismissed with prejudice for failure to prosecute.

SO ORDERED.

Dated: New York, New York

February 19, 1993

[*7] SONIA SOTOMAYOR

U.S.D.J.

LEXSEE 1997 U.S. DIST. LEXIS 930

EDWARD R. COSS, Plaintiff, -against- SULLIVAN CO. JAIL ADMINISTRATOR (K.P. LAPORTE); SULLIVAN CO. JAIL MEDICAL DEPT., Defendants. EDWARD R. COSS, Plaintiff, -against- SULLIVAN COUNTY SHERIFF JOSEPH WASSER; S.C.J. MEDICAL DEPT.; S.C.J. ADMINISTRATOR K.P. LAPORTE, Defendants.

92 Civ. 7618 (JES), 92 Civ. 7683 (JES)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

171 F.R.D. 68; 1997 U.S. Dist. LEXIS 930; 36 Fed. R. Serv. 3d (Callaghan) 1053

January 31, 1997, Decided
February 3, 1997, FILED

**DISPOSITION:** [**1] Defendants' motions granted and actions dismissed with prejudice.

**COUNSEL:** APPEARANCES

For Plaintiff: RICHARD J. HAAS, ESQ., Wurtsboro, New York.

For K.P. LaPorte and Joseph Wasser, Defendants: GERALD ORSECK, ESQ., Orseck Law Offices, Liberty, New York. For Sullivan County Jail Infirmary, Defendant: JOSEPH P. LOUGHLIN, ESQ., DuBois, Billig, Loughlin, Conaty & Weisman, Rock Hill, New York, DAVID L. KLEIN, ESQ., Of Counsel.

**JUDGES:** John E. Sprizzo, United States District Judge

**OPINION BY:** John E. Sprizzo

**OPINION**

[*68] MEMORANDUM OPINION AND ORDER

SPRIZZO, D. J.:

Plaintiff Edward Coss,[1] an incarcerated prisoner, brings the instant actions against defendants Sullivan County Jail Administrator K.P. LaPorte, Sullivan County Jail Medical Department[2], and Sullivan County Sheriff Joseph Wasser (together the "defendants").[3] Pursuant to *Federal Rule of Civil Procedure 41(b)*, the defendants move to dismiss the respective actions for failure to prosecute. For the reasons set forth below, defendants' motions are granted.

  1  Coss proceeded *pro se* until May 24, 1996, when Richard Haas, Esq. filed notices of appearance on Coss' behalf and while defendants' motions to dismiss for failure to prosecute were pending.
[**2]
  2  Coss incorrectly sued the Sullivan County Jail Infirmary as the "Sullivan County Jail Medical Department" in both actions.

  3  For the purpose of judicial economy both actions will be addressed in this Memorandum Opinion and Order. All parties, including Coss, have treated the actions as consolidated, although they were never formerly consolidated by the Court.

BACKGROUND

On October 20, 1992 and October 21, 1992, Coss commenced the instant actions *pro se* [*69] and was allowed to proceed *in forma pauperis*. On February 8,

Case 1:07-cv-06247-PKC   Document 11-7   Filed 10/19/2007   Page 5 of 20

Page 2
171 F.R.D. 68, *; 1997 U.S. Dist. LEXIS 930, **;
36 Fed. R. Serv. 3d (Callaghan) 1053

1993, individual defendants LaPorte and Wasser moved to transfer both actions to the United States District Courthouse in White Plains, and on February 16, 1993, also moved to dismiss both actions. On February 16, 1993, and February 19, 1993, defendant Sullivan County Jail Infirmary (hereinafter "S.C.J. Infirmary") also moved to transfer both actions to White Plains. By Order dated September 20, 1993, the Court denied all motions to transfer or to dismiss without prejudice to being renewed and directed the parties to complete all discovery on or before [**3] December 17, 1993.

From March through November, 1993, defendants served numerous discovery requests upon Coss, including but not limited to, a notice of deposition, interrogatories, medical release requests, and requests for lists of witnesses.[4] Coss failed to appear for his deposition or to respond to any of the defendants' discovery demands. *See* Loughlin Aff. P 6; Affidavit of Gerald Orseck, Esq., dated July 18, 1996 ("Orseck Aff."), P 4 (Sworn Statement in Support of Motion to Dismiss).

   4   On March 15, 1993, defendant S.C.J. Infirmary served attached to its Answer a Notice to Take Deposition Upon Oral Examination, with a deposition of Coss scheduled for June 8, 1993, at 10:00 a.m. in the U.S. District Courthouse for the Southern District of New York. On November 4, 1993, defendants LaPorte and Wasser served their discovery demands by mail upon plaintiff, including a Demand for Interrogatories, a Demand for Statements, a Demand for Names and Addresses of Witnesses, a Demand for Experts, and a Demand for Medicals. *See* Affidavit of Michael Davidoff, Esq. dated June 14, 1994 ("Davidoff Aff."), Ex. F (Sworn Statement in Support of Motion for Summary Judgment). On November 16, 1993, defendant S.C.J. Infirmary served upon Coss by mail detailed Demands for Interrogatories, as well as a Notice for Discovery and Inspection for Defendant's Statements Not Reduced to Writing, a Notice for Discovery and Demand for Inspection of Witnesses, a Demand for Statements, a Demand for Medical Certificates, and a Notice of Discovery for Collateral Source Reimbursement. *See* Affidavit of Joseph Loughlin, Esq. dated June 12, 1996 ("Loughlin Aff."), Ex. C (Sworn Statement in Support of Motion to Dismiss).

[**4] Between June, 1993 and May, 1996 seven Pre-Trial Conferences were held.[5] Coss failed to appear at all of the Conferences, although the Court notes that this failure was due to his being incarcerated for some, if not all, of that time.[6]

   5   Pre-Trial Conferences were held on June 16, 1993; February 4, 1994; April 15, 1994; October 21, 1994; January 20, 1995; April 28, 1995; and April 30, 1996.

   6   In a letter to Chambers dated January 25, 1993, Coss identified Richard Haas as his attorney in both actions. In a letter to Chambers dated February 24, 1993, Haas denied having been retained by Coss. *See* Orseck Aff. Exh. A.

By Order dated February 9, 1994, Coss was warned that his failure to appear at the next scheduled Pre-Trial Conference would result in the Court entertaining an appropriate application for dismissal.

On June 14, 1994, and June 21, 1994, defendants moved for summary judgment, arguing, *inter alia*, that the complaint failed to demonstrate "deliberate indifference" on the part of [**5] the defendants, defendants LaPorte and Wasser were entitled to qualified immunity, and there existed no genuine issues of material fact. By Order dated October 26, 1994, the Court denied defendants' motions for summary judgment because defendants failed to demonstrate an absence of genuine issues of material fact.

By Order dated May 1, 1995, the Court suspensed the action captioned "92 Civ. 7683 (JES)" until April 30, 1996. The Court further warned, in the same Order, that if Coss failed to prosecute the action on or before that date, the Court would entertain an appropriate application to dismiss the action for failure to prosecute. The Order provided that defendants should serve a copy of the Order upon Coss by certified mail at his last known address. Although the Order did not refer to the action captioned "92 Civ. 7618 (JES)" and the actions have not been formally consolidated, all parties have treated the actions as consolidated and both actions were treated as suspensed.

On May 18, 1995, defendants filed an affidavit of service on Coss of the Court's Order dated May 1, 1995. In addition, in a letter to defense Counsel dated February 23, 1996, Coss acknowledged receipt of that [**6] Order. *See* Affidavit of Gerald Orseck, Esq. dated [*70] May 24, 1996 ("Orseck 2 Aff."), Exh. C (Sworn Statement with Notice of Motion for Order of Dismissal for Failure to Prosecute).

On April 30, 1996, at a Pre-Trial Conference, defendants represented that Coss had failed to prosecute either action since the Court's May 1, 1995 Order. By Order dated May 1, 1996, the Court established a briefing schedule for defendants to move to dismiss for failure to prosecute and warned Coss that if he failed to file a response on or before July 12, 1996, the Court would grant defendants' motions.

Case 1:07-cv-06247-PKC    Document 11-7    Filed 10/19/2007    Page 6 of 20

Page 3
171 F.R.D. 68, *; 1997 U.S. Dist. LEXIS 930, **;
36 Fed. R. Serv. 3d (Callaghan) 1053

On May 24, 1996, Richard Haas, Esq. filed notices of appearance on Coss's behalf. On May 28, 1996, and June 13, 1996, defendants moved to dismiss both actions pursuant to *Federal Rule of Civil Procedure 41(b)*, arguing, *inter alia*, that Coss's failure to prosecute the actions had resulted in substantial prejudice to their defense.

By letter dated July 8, 1996, Coss acknowledged that he failed to comply with defendants' discovery requests and indicated that his attorney would appear at the next Pre-Trial Conference. *See* Letter from Edward Coss, Jr. to Hon. John E. Sprizzo of July 8, 1996, at [**7] 1. Coss stated that he has "always attempted to prosecute this case [sic] to the best of my ability." *Id.*

On July 12, 1996, a Pre-Trial Conference was held, at which time Haas appeared on Coss's behalf. Neither Haas nor Coss filed a response to defendants' motions. Haas represented to the Court that he did not intend to prosecute the actions and he wished only to dissuade the Court from granting defendants' motions.

By Order dated July 12, 1996, the Court extended Coss's time to file a written response to defendants' motions to dismiss. On July 15, 1996, Haas filed an affidavit with the Court asking, *inter alia*, the Court to "recuse itself, grant counsel leave to withdraw or appoint the Plaintiff new counsel." Affidavit of Richard Haas, Esq. dated July 14, 1996 ("Haas Aff."), P 40 (Sworn Response to Combined Motions). On July 22, 1996, defendants filed reply affidavits and a memorandum of law in further support of their motions to dismiss for failure to prosecute.

## DISCUSSION

Pursuant to *Federal Rule of Civil Procedure 41(b)*, a defendant may move to dismiss an action for a plaintiff's failure to prosecute. [7] Where a plaintiff is acting *pro se*, the Second [**8] Circuit has warned district courts to be "especially hesitant" when dismissing a case for "procedural deficiencies." *Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)*; *See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)*; *Bobal v. Rensselaer Polytechnic Institute, 916 F.2d 759, 766 (2d Cir. 1990), cert. denied, 499 U.S. 943, 113 L. Ed. 2d 459, 111 S. Ct. 1404 (1991)*; *McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988)*. Although dismissal is generally considered a "harsh remedy . . . appropriate only in extreme situations," *Lucas, 84 F.3d at 535* (citations omitted), a *pro se* litigant's complaint should be dismissed for failure to prosecute where, as here, the "circumstances are sufficiently extreme." *Id.* Indeed, the United States Supreme Court has recognized the inherent power of a district court to dismiss an action for failure to prosecute. *See Link v. Wabash R.R. Co.,* *370 U.S. 626, 630-31, 8 L. Ed. 2d 734, 82 S. Ct. 1386, reh'g denied, 371 U.S. 873, 9 L. Ed. 2d 112, 83 S. Ct. 115 (1962)*.

7    *Fed. R. Civ. P. 41(b)* provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.

[**9] The Second Circuit has enumerated the following factors for a district court to consider in dismissing an action under *Rule 41(b)*:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar [*71] congestion and protecting a party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988)* (quoting *Harding v. Federal Reserve Bank of New York, 707 F.2d 46, 50 (2d Cir. 1983))*. No one factor is dispositive. *Nita v. Conn. Dep't. of Envtl. Protection, 16 F.3d 482, 485 (2d Cir. 1994)*. Applied here, each of the five factors overwhelmingly favors dismissal of both actions.

First, Coss's failure to prosecute both actions has extended from October, 1992, until May, 1996, and continued even after the instant motions were filed. The Second Circuit has found the drastic sanction [**10] of dismissal warranted in cases involving significantly less neglect. *See, e.g., Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 666-68 (2d Cir. 1980)* (six months of inactivity); *Stoenescu v. Jablonsky, 162 F.R.D. 268, 271 (S.D.N.Y. 1995)* (21 months of inactivity); *West v. New York, 130 F.R.D. 522, 525 (S.D.N.Y. 1990)* (19 months of inactivity); *Williams v. Kane, 107 F.R.D. 632*

Case 1:07-cv-06247-PKC   Document 11-7   Filed 10/19/2007   Page 7 of 20

Page 4

171 F.R.D. 68, *; 1997 U.S. Dist. LEXIS 930, **;
36 Fed. R. Serv. 3d (Callaghan) 1053

(E.D.N.Y. 1985) (one year of inactivity with the exception of a deposition); *Yacub v. Coughlin,* 105 F.R.D. 152, 153 (S.D.N.Y. 1985) (21 months of inactivity).

Moreover, Coss has failed to respond to any of the defendants' discovery demands and has never filed a response to any of the defendants' earlier motions, which include motions to transfer, to dismiss, and for summary judgment. Although Coss's recently retained attorney, Richard Haas, did respond on July 15, 1996, with his own affidavit to defendants' motions to dismiss, he did not comply with the explicit Order of the Court, dated May 1, 1996, which required a response to be filed on or before the next Pre-Trial Conference, scheduled to be held on July 12, 1996. Moreover, Haas, who filed his notices of appearance on May 24, [**11] 1996, some three weeks after the May 1, 1996 Order was issued, admits in his papers that he was aware of the Order at that time. *See* Haas Aff. P 36.

Haas makes the bewildering argument that he did not believe that he was able to file a "*pro se* response," and that plaintiff's failure to comply with the May 1, 1996 Order should be excused or the blame assigned to him. *Id.* What Mr. Haas has failed to do is to read the May 1st Order, which explicitly warned "that if plaintiff *pro se* fails to file a response to defendants [sic] motion before the next Pre-Trial Conference, the Court will grant defendants' motion." Further, Mr. Haas's response does not cite one case in support of plaintiff's opposition to defendants' motions to dismiss. Clearly, the duration of Coss's failure to prosecute these actions weighs heavily in favor of dismissal.

Second, Coss received ample notice from the Court that further delay in the prosecution of these actions would result in dismissal. By Orders dated February 9, 1994, May 1, 1995, and May 1, 1996, the Court explicitly warned Coss that failure to prosecute would result in the Court entertaining and/or granting defendants' applications [**12] for dismissal. Further, defendants' motions to dismiss put Coss on notice that they were seeking dismissal of the actions. *See, e.g., Rodriguez v. Walsh,* 1994 U.S. Dist. LEXIS 278, 1994 WL 9688, at *2 (S.D.N.Y. 1994); *Muhammad v. Neil,* 1994 U.S. Dist. LEXIS 282, 1994 WL 9687, at *2 (S.D.N.Y. 1994). Such consistent and specific notice over a two and one-half year period satisfies the Court that Coss was aware that his inaction would result in dismissal.

Third, defendants have demonstrated that they would be prejudiced by any further delay in the prosecution of these actions. Where, as here, plaintiff has caused unreasonable delay in the prosecution of an action, prejudice to the defendants may be presumed. *See Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 43 (2d Cir. 1982). Four years have passed since these actions were commenced, and defendants have identified seven potential witnesses to the events underlying the actions and other events pertinent to their defense who are no longer employed by Sullivan County or who were prisoners that have since been released: Nurses Cherryl Crawford and Patricia Scennel, Deputy Jack Sattler, Deputy Richard Conklin, Deputy Lance Schneider, and former inmates Carlos Vallofane [**13] and Kevin Primario. [8] [*72] *See* Orseck Aff. P 10; Affidavit of David Klein, Esq. dated July 18, 1996 ("Klein Aff."), P 14 (Sworn Reply Affirmation). These witnesses may not be available to testify should these actions come to trial, and the whereabouts of some witnesses are completely unknown to defendants. *See* Orseck Aff. P 10.

[8] Nurses Crawford and Scennel provided medical treatment to Coss on a daily basis during that period of time in which the injuries to his knee and nose allegedly occurred. *See* Appendix to Memorandum of Law by Sullivan County Jail Administrator K.P. LaPorte and Sheriff Joseph Wasser dated June 14, 1994, Exh. J. Months after the incident in which Coss allegedly injured his knee, Deputy Sattler witnessed an alleged fight between inmate Carlos Vallofane and Coss, where Coss claimed that Vallofane punched him in the nose. *See* Orseck Aff. P 10(a). Deputy Conklin witnessed an incident in which Coss injured his knee, months after the event that gave rise to one of these actions. *Id.* P 10(c). Deputy Schneider witnessed an incident on October 27, 1992, one month after Coss filed his complaints, where it took five deputies to place Coss into "deadlock" occasioned by Coss' assault of Deputy William Browne. *Id.* P 10(d). Former inmate Kevin Primario witnessed a fall by Coss in December, 1992 in which Coss also claimed to have suffered knee injuries. *Id.* P 10(e).

[**14] Moreover, due to Coss's failure to respond to any of their discovery demands, the defendants have been unable to ascertain the names and addresses of Coss's health care providers after he left the Sullivan County Jail in early 1993. *Id.* at P 12. Nor were defendants able to physically examine Coss. *Id.* at P 13. Since both actions involve alleged personal injury to Coss, it can be reasonably inferred that witnesses to Coss's physical condition at the time of the events and information on his medical history would play a central role in the defense of these actions. Therefore, the Court finds it likely that the defendants would be prejudiced by further delay in these actions. Furthermore, Haas, who appeared on Coss's behalf, represented to the Court at the Pre-Trial Conference on July 12, 1996, that he only filed notices of appearance to prevent the Court from dismissing these actions and did not intend to prosecute the actions. Thus,

Case 1:07-cv-06247-PKC   Document 11-7   Filed 10/19/2007   Page 8 of 20

Page 5

171 F.R.D. 68, *; 1997 U.S. Dist. LEXIS 930, **;
36 Fed. R. Serv. 3d (Callaghan) 1053

not only is further delay highly likely, but there is no present indication of when, if ever, these cases will be pursued.

Fourth, the Court must strike a balance between alleviating the congestion of its calendar and protecting Coss's right to [**15] due process and his chance to be heard. It is clear from the records of these two actions that the balance tips decidedly in favor of dismissal. Coss had a duty to move these cases along, and he has failed to do so. The Court's repeated denial of defendants' motions to dismiss and for summary judgment and extensions to allow Coss to prosecute these actions evidence the Court's efforts to protect Coss's right to due process. Although the Court recognizes that Mr. Coss is an incarcerated prisoner, appearing *pro se* in these actions for the bulk of the litigation, the Court cannot be held hostage to Coss's prison term. Clearly, Coss's failure to act for over three and one-half years, his failure to appear or arrange for someone to appear at seven Pre-Trial Conferences, and his failure to respond to any of the defendants' discovery demands or various motions before the Court constitute "compelling evidence of an extreme effect on court congestion." *Lucas, 84 F.3d at 535.*

Fifth, there are no lesser sanctions other than dismissal that are suitable. Although *Rule 41* fails to provide for any sanction other than dismissal, the Second Circuit has suggested that lesser sanctions may [**16] be available. *See Dodson v. Runyon, 86 F.3d 37, 41 (2d Cir. 1996)* ("Instead of dismissing the case, the court might have imposed financial penalties on the lawyer, the client, or both."). Further, the Court must also consider whether it will impose sanctions "aimed primarily" against the plaintiff or his attorney. *Id. at 40.* It is "important for the district court to assess the relative roles of attorney and client in causing the delay, as well as whether a tactical benefit was sought by the delay." *Id.*

Since Coss proceeded *pro se* in both actions for the bulk of the litigation, it is his acts, or lack thereof, that provide the basis for the Court's finding that he failed to prosecute the actions. It would be quite different if Coss had vigorously prosecuted these actions while acting *pro se*, and then his "eleventh hour" attorney had failed to act. *See* [*73] *id. at 41.* Here, the role of the attorney in failing to prosecute these actions was minimal at best. Therefore, Haas's acts do not warrant the imposition of sanctions directly upon him. Moreover, since the Court has decided to impose sanctions directly upon Coss, and since Coss has proceeded [**17] *in forma pauperis* and *pro se*, the Court does not find the imposition of monetary sanctions to be an adequate penalty. The Court concludes, therefore, that in light of the other four factors discussed above, the only appropriate remedy in these actions is to dismiss them with prejudice.

## CONCLUSION

For all of the above reasons, defendants' motions are granted and the above-captioned actions are dismissed with prejudice. The Clerk of Court is directed to enter judgment accordingly and close the above-captioned actions.

It is **SO ORDERED**.

DATED: New York, New York

January 31, 1997

John E. Sprizzo

United States District Judge

LEXSEE 1997 USDIST LEXIS 4158

Angel Daniels, Plaintiff, - against - Montefiore Medical Administration Staff-John Doe, The Department of Correction Staff-John Doe, New York City, State of New York, Defendants. Angel Daniels, Plaintiff, - against - Bellevue Hospital Medical Staff and Administration; Dr. Jane Doe, Surgeon; Dr. Alexander, Defendants.

94 Civ. 6895 (PKL) (RLE), 95 Civ. 3217 (PKL) (RLE)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

1997 U.S. Dist. LEXIS 4158

March 31, 1997, Decided

**DISPOSITION:** [*1] Defendants' motion GRANTED in its entirety.

**COUNSEL:** ANGEL DANIELS, plaintiff (94-CV-6895), Pro se, Livingston Corr. Fac., Sonyea, NY. ANGEL DANIELS, plaintiff (95-CV-3217), Pro se, Livingston Correctional Facility, Sonyea, NY.

For BELLEVUE HOSPITAL MEDICAL STAFF & ADMINISTRATION, defendant (95-CV-3217): Shaun Scott Mason, Paul A. Crotty, Corporation Counsel of the City of NY, New York, NY. For DR. ALEXANDER, defendant (95-CV-3217): Shaun Scott Mason, (See above).

**JUDGES:** Honorable Ronald L. Ellis, United States Magistrate Judge. HONORABLE PETER K. LEISURE, U.S.D.J.

**OPINION BY:** Ronald L. Ellis

**OPINION**

REPORT AND RECOMMENDATION

To the HONORABLE PETER K. LEISURE, U.S.D.J.:

I. INTRODUCTION

These two *pro se* incarcerated cases were brought pursuant to *42 U.S.C. § 1983*, alleging that defendants violated plaintiff's civil rights. Although the cases were originally brought separately, they were consolidated under Judge Leisure. The basis for consolidation was that the two cases arose out of a common nucleus of operative fact, namely the plaintiff's hernia and alleged delays in treatment at the Montefiore Medical Center's Clinic on Rikers Island, and the alleged medical malpractice [*2] at the Bellevue Hospital.

Defendants, Montefiore Medical Administration, Bellevue Hospital Medical Staff and Administration, Dr. Phillip Alexander and the City of New York, now move to dismiss with prejudice the complaints in both cases pursuant to *Rules 37(b)(2)(C)* and *41(b) of the Federal Rules of Civil Procedure*. Defendants allege that plaintiff has failed to (1) prosecute this action, (2) cooperate in the discovery process, and (3) comply with Court orders. For the reasons discussed below, I recommend that defendants' motion be **GRANTED** in its entirety.

II. BACKGROUND

Daniels v. Montefiore, et al., 94 Civ. 6895 (hereinafter "Montefiore Action"), was referred to the undersigned by Judge Leisure on September 26, 1994 for general pre-trial supervision. On May 11, 1995, defendants, New York City Department of Correction ("DOC") and Ralph McGrane, [1] filed a motion to dismiss the complaint pursuant to *Rule 12(b)(6) of the Federal Rules of Civil*

Case 1:07-cv-06247-PKC    Document 11-7    Filed 10/19/2007    Page 10 of 20

Page 2
1997 U.S. Dist. LEXIS 4158, *

*Procedure*, for failure to state a claim. On May 26, 1995, Judge Leisure referred this motion for disposition. Defendants contend that the complaint fails to allege any action by McGrane that caused a violation of plaintiff's rights, [*3] and does not point to any activity, custom or policy adopted by the DOC that caused the alleged deprivation of plaintiff's rights.

> 1 Plaintiff served a copy of the summons and complaint on Department of Correction warden Ralph McGrane although his name is not in the caption of the complaint and he is not listed as a defendant. Mr. McGrane's name was handwritten on the summons.

There is no record of defendant Montefiore Medical Administration Staff ("Montefiore") having been served with a copy of the summons and complaint. Service was attempted on or about the same date as service was effected on the DOC and McGrane, but the summons and complaint were returned unexecuted as of November 20, 1995.

A pre-trial conference was held in this case on September 5, 1996 and plaintiff failed to appear although he was aware of the conference. The conference was rescheduled for September 9, 1996 and plaintiff again failed to appear. Plaintiff, having been released from prison in April 1996, also failed to apprise the clerk [*4] of his current address.

**Daniels v. Bellevue, et al.**, 95 Civ. 3217 (hereinafter "Bellevue Action") was initially referred to the undersigned for general pre-trial supervision by Judge Preska on May 22, 1995. After its consolidation with the Montefiore Action, it was again referred for dispositive motion on May 3, 1996 by Judge Leisure. As was the case with the Montefiore Action, plaintiff was notified of all the conferences scheduled in this matter, yet failed to appear. As a result, the court issued an order dated September 10, 1996, requiring plaintiff to submit a statement showing why his case should not be dismissed for failure to prosecute. The court also ordered that the parties appear for another conference on October 28, 1996, which was later adjourned to November 19, 1996. Plaintiff did not appear for this conference, nor did he respond to the court's September 10, 1996 order. The court issued a subsequent order on November 19, 1996, granting defendants leave to file a motion to dismiss both actions for failure to prosecute.

### III. DISCUSSION

The imposition of sanctions under *Rule 37 of the Federal Rules of Civil Procedure* lies within the discretion of the [*5] court. *See Update Art, Inc. v. Modiin Publ'g., Ltd.*, 843 F.2d 67, 70-71 (2d Cir. 1988) (*citing Cine Forty-Second St. Theatre v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1064 (2d Cir. 1979)). If the behavior to be sanctioned is a party's noncompliance with discovery orders, dismissal is appropriate only when the party's actions are due to "wilfulness, bad faith or any fault" of the party. *Jones v. Niagara Frontier Transp. Auth.*, 836 F.2d 731, 734 (2d Cir. 1987), *cert. denied*, 488 U.S. 825, 102 L. Ed. 2d 50, 109 S. Ct. 74 (1988). Noncompliance with discovery orders is considered wilful when the court's orders have been clear, when the parties have understood them, and when the party's noncompliance is not due to factors beyond the party's control. *Id.* at 735.

In this instance, the court orders dated September 10, 1996 and November 19, 1996 were very clear with respect to what was required of the plaintiff. The September order clearly stated that plaintiff was to submit a statement showing why his case should not be dismissed and set a date for the next conference with the court. The November order was also very clear. It [*6] set out a detailed schedule of when defendants were to file their motion, when plaintiff was to respond, and when defendants were to reply. Plaintiff failed to respond at all to the September order, but submitted a brief response to defendants' motion to dismiss.

Although *Rule 37 of the Federal Rules of Civil Procedure* provides a range of sanctions, *Rule 37(b)(2)(C)* specifically states that a court may dismiss an action when a party fails to comply with a discovery order. *Fed. R. Civ. P. 37(b)(2)(C)*. Additionally, *Rule 41(b) of the Federal Rules of Civil Procedure* states, in pertinent part, that:

> for failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant.

*Fed. R. Civ. P. 41(b)*. The Second Circuit has stated that "involuntary dismissal for plaintiff's failure to prosecute is a matter committed to the discretion of the trial court by *Rule 41(b)* . . . However, dismissal is a harsh remedy to be utilized only in extreme circumstances." *Colon v. Mack*, 56 F.3d 5, 7 (2d Cir. 1995) (citations omitted). In deciding motions pursuant to *Rule 41(b)*, [*7] there are five factors for a court to consider before issuing an order of dismissal when the plaintiff is *pro se*: (1) the duration of plaintiff's failures; (2) whether plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the need to alleviate court calendar congestion and a party's right to due

Case 1:07-cv-06247-PKC    Document 11-7    Filed 10/19/2007    Page 11 of 20

Page 3
1997 U.S. Dist. LEXIS 4158, *

process; and (5) the efficacy of lesser sanctions. *See e.g., Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994).*

Plaintiff commenced the Montefiore Action in September 1994. Defendants filed a motion to dismiss pursuant to *Federal Rule of Civil Procedure 12(b)(6)*, for failure to state a claim. In May 1995, plaintiff commenced the Bellevue Action and an answer was filed by the defendants on September 8, 1995. Although some documents which resembled a motion were sent to Rikers Island Health Service [2] in mid-October 1995, it was never filed with the court. Since then, there has been no activity in either action. Having failed to take any action to prosecute either of these cases for over one year, weighs in favor of dismissal.

> 2  A named defendant in the complaint which was never served with a summons and complaint.

[*8] Plaintiff was given notice that further delays would result in dismissal of his claim. As a result of his failure to appear for pre-trial conferences, the court issued an order dated September 10, 1996, requiring plaintiff to submit a statement showing why his case should not be dismissed for failure to prosecute. He did not respond to the order of the court. Plaintiff was again given an opportunity to appear for a court conference on November 19, 1996, which he did not attend. Plaintiff contacted the court only after defendants filed their motion to dismiss, but did not articulate any reasons for his failure to appear or comply with the court's orders. Accordingly, this factor weighs in favor of dismissal.

Defendants argue that the delay which has occurred since the complaint was filed would extremely prejudice them. They contend that were the New York City employees to be identified at this late date, proof at trial would likely involve the faded recollection of witnesses as to conversations and conduct. Defendants' Memorandum of Law in Support of their Motions to Dismiss at 7.

With respect to the remaining two factors, the court finds that they too weigh in favor of dismissal. [*9] The requirement that plaintiff's right to due process be balanced with the need to alleviate congestion in the court calendar, is not at issue in the instant case. The efficacy of lesser sanctions cannot be assessed due to plaintiff's multiple failures to appear for court conferences or respond to court orders, as well as his inability to articulate the reasons for his failures. In reviewing these factors, the court finds that defendants' motion to dismiss pursuant to *Rule 41(b)* should be granted.

## IV. CONCLUSION

Plaintiff filed a complaint in the Montefiore Action in September 1994 and a second complaint was filed in the Bellevue Action in May 1995. In the last eighteen months, there has been no activity in either action, although plaintiff was released from prison in April 1996. Having failed to contact the court or otherwise pursue his claim, I recommend that defendants' motion be granted and both actions in this case be dismissed with prejudice pursuant to *Rules 37(b)(2)(C)* and *41(b), Federal Rules of Civil Procedure*, for failure to prosecute and comply with orders of this court.

Pursuant to *Rule 72, Federal Rules of Civil Procedure*, the parties shall have ten (10) days [*10] after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Peter K. Leisure, 500 Pearl Street, Room 1910, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn, 474 U.S. 140, 150, 88 L. Ed. 2d 435, 106 S. Ct. 466 (1985); Small v. Secretary of Health and Human Services, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(e).*

DATED: March 31, 1997

New York, New York

**Respectfully Submitted,**

**The Honorable Ronald L. Ellis**

    **United States Magistrate Judge**

LEXSEE 1997 U.S. DIST. LEXIS 5349

ANGEL DANIELS, Plaintiff, - against - MONTEFIORE MEDICAL ADMINIS-
TRATION STAFF - JOHN DOE; THE DEPARTMENT OF CORRECTION
STAFF - JOHN DOE; NEW YORK CITY; and STATE OF NEW YORK, Defen-
dants. ANGEL DANIELS, Plaintiff, - against - BELLEVUE HOSPITAL MEDICAL
STAFF AND ADMINISTRATION; DR. JANE DOE, Surgeon; and DR. ALEXAN-
DER, Defendants.

94 Civ. 6895 (PKL), 95 Civ. 3217 (PKL)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
NEW YORK

1997 U.S. Dist. LEXIS 5349

April 21, 1997, Decided
April 23, 1997, FILED

**DISPOSITION:**   [*1]   Motion GRANTED.

**COUNSEL:**   ANGEL   DANIELS,   plaintiff (94-CV-6895), Pro se, Livingston Corr. Fac., Sonyea, NY. ANGEL DANIELS, plaintiff (95-CV-3217), Pro se, Livingston Correctional Facility, Sonyea, NY.

For BELLEVUE HOSPITAL MEDICAL STAFF & ADMINISTRATION, defendant (95-CV-3217): Shaun Scott Mason, Paul A. Crotty, Corporation Counsel of the City of NY, New York, NY. For DR. ALEXANDER, defendant (95-CV-3217): Shaun Scott Mason, (See above).

**JUDGES:** Peter K. Leisure, U.S.D.J.

**OPINION BY:** Peter K. Leisure

**OPINION**

*MEMORANDUM ORDER*

  LEISURE, *District Judge:*

   Pro se plaintiff brought the above-captioned cases under *42 U.S.C. § 1983*, claiming that alleged delays in treatment and alleged medical malpractice constitute violations of his civil rights. Defendants Montefiore Medical Administration, Bellevue Hospital Medical Staff and Administration, Dr. Phillip Alexander, and the City of New York move for dismissal of the action, under both Rule 37(b)(2)(C) and *Rule 41(b) of the Federal Rules of Civil Procedure*, for failure to prosecute the action, failure to cooperate with discovery, and failure to comply with court orders. This Court referred the motion to the Honorable Ronald L. Ellis, United [*2] States Magistrate Judge, for preparation of a report and recommendation. On March 31, 1997, Judge Ellis issued a Report and Recommendation (the "Report") that this Court grant the motion.

   Pursuant to *28 U.S.C. § 636(b)(1)* and *Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure*, the parties have ten (10) days to file written objections to a report and recommendation after being served with a copy. None of the parties to this action has objected to the Report. Furthermore, the Court has reviewed the Report and finds that it is legally correct and proper in light of the long history of dilatory conduct on plaintiff's part, as summarized by Judge Ellis. The Court therefore adopts the Report in its entirety. Accordingly, for the reasons stated by Judge Ellis in the Report, the motion is HEREBY GRANTED.

SO ORDERED.

New York, New York

1997 U.S. Dist. LEXIS 5349, *

April 21, 1997

U.S.D.J.

Peter K. Leisure

LEXSEE

ANGEL DANIELS, Plaintiff, - against - MONTEFIORE MEDICAL ADMINIS-
TRATION STAFF - JOHN DOE; THE DEPARTMENT OF CORRECTION
STAFF - JOHN DOE; NEW YORK CITY; and STATE OF NEW YORK, Defen-
dants. ANGEL DANIELS, Plaintiff, - against - BELLEVUE HOSPITAL MEDICAL
STAFF AND ADMINISTRATION; DR. JANE DOE, Surgeon; and DR. ALEXAN-
DER, Defendants.

94 Civ. 6895 (PKL), 95 Civ. 3217 (PKL)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
NEW YORK

1997 U.S. Dist. LEXIS 8731

June 19, 1997, Decided
June 20, 1997, FILED

**COUNSEL:** ANGEL DANIELS, plaintiff, Pro se, Livingston Corr. Fac., Sonyea, NY.

**JUDGES:** [*1] Peter K. Leisure, U.S.D.J.

**OPINION BY:** Peter K. Leisure

**OPINION**

*MEMORANDUM ORDER*

LEISURE, *District Judge*:

On April 23, 1997, the Court adopted the report and recommendation (the "Report") of the Honorable Ronald L. Ellis, United States Magistrate Judge, and granted certain defendants' motion to dismiss the above-captioned cases brought under *42 U.S.C. § 1983*. In adopting the Report, the Court did not make it clear that the Report not only recommended dismissing the case as to the moving defendants, and also that the *entire* action be dismissed for failure to prosecute. Examination of the docket reveals that civil action 94 Civ. 6895 has been closed but that civil action 95 Civ. 3217 remains on the active docket. It was and is the Court's opinion that both actions should be dismissed in their entirety for failure to prosecute. Accordingly, for the reasons stated in Judge Ellis's Report, both civil action 94 Civ. 6895 and civil action 95 Civ. 3217 are HEREBY DISMISSED.

SO ORDERED.

New York, New York

June 19, 1997

Peter K. Leisure

U.S.D.J.

LEXSEE 162 FRD 268

MARIA STOENESCU, Plaintiff, - against - ELISABETH JABLONSKY, PETER KNESKY, JAMES PASCALE and PRINCETON TOWNSHIP, Defendants.

93 Civ. 3500 (JES)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

162 F.R.D. 268; 1995 U.S. Dist. LEXIS 9634

July 11, 1995, Decided
July 12, 1995, FILED

**COUNSEL:** [**1] MARIA STOENESCU, Plaintiff, Pro Se, New York, New York.

MASON, GRIFFIN & PIERSON, Attorneys for Defendants, Princeton, New Jersey, JAMES F. FARRELL, ESQ., ELIZABETH ZUCKERMAN, ESQ., Of Counsel.

**JUDGES:** John E. Sprizzo, United States District Judge

**OPINION BY:** John E. Sprizzo

**OPINION**

[*269] **MEMORANDUM OPINION AND ORDER**

**SPRIZZO, D.J.:**

Plaintiff Maria Stoenescu, acting *pro se* brings the instant action against defendants Elisabeth Jablonsky, Peter Knesky, James Pascale and Princeton Township (collectively "defendants"). Pursuant to *Rule 41(b) of the Federal Rules of Civil Procedure*, defendants move to dismiss based upon Stoenescu's failure to prosecute the above-captioned action. For the reasons that follow, defendants' motion to dismiss is granted.

**BACKGROUND**

On May 24, 1993, Stoenescu commenced the instant action by delivering her complaint to the Pro Se Office for the United States District Court for the Southern District of New York. On May 25, 1993, Stoenescu's application to proceed *in forma pauperis* was granted. That same day, Stoenescu unsuccessfully sought preliminary injunctive relief by order to show cause. On May 26, 1993, Stoenescu filed an amended complaint. [**2] In her amended complaint, Stoenescu claims that defendants have interfered with the utilization of her rental property by, *inter alia,* precluding rentals, evicting tenants, denying occupancy and utility permits and "sustaining a slender campaign."

By order dated September 14, 1993, the Court directed Stoenescu to serve process upon defendants on or before November 15, 1993, or face dismissal. By letter dated October 21, 1993, which was filed with the Clerk of the Court, Stoenescu advised the Court that she was attempting to serve process upon defendants through the United States Marshals Service (the "Marshals Service"). By letter dated November 19, 1993, the Pro Se Office advised Stoenescu to apprise the Court concerning her efforts to serve process upon defendants.[1] Stoenescu failed to do so.

  1   The Pro Se Office also advised Stoenescu that, according to the chambers of the Court, she had to serve process on or before November 30, 1993.

On September 27, 1993, the Marshals Service attempted to serve [**3] process upon each defendant by mail in accordance with *Fed. R. Civ. P. 4(d)*. On September 29, 1993, defendant James Pascale executed a waiver of service of process. However, the remaining three defendants did not acknowledge service of process

Page 2

162 F.R.D. 268, *; 1995 U.S. Dist. LEXIS 9634, **

by mail. On November 24, 1993, the Marshals Service attempted to serve defendant Princeton Township by delivering a copy of the summons and complaint to the Deputy Clerk of Princeton Township. That same day, the Marshals Service attempted to serve process upon defendant Jablonsky by delivering a copy of the summons and complaint to her secretary. On January 11, [*270] 1994, the Marshals Service served defendant Knesky by personally delivering a copy of the summons and complaint to him. On December 27, 1993, defendant Princeton Township filed an answer. [2] The remaining three defendants have not answered.

> 2 In its answer, defendant Princeton Township asserted numerous affirmative defenses, including Stoenescu's failure to serve process within 120 days.

On May 27, 1993, the parties [**4] appeared for a pre-trial conference before the Court. By order dated June 29, 1993, the Court scheduled a pre-trial Conference for September 3, 1993, but that conference was adjourned. Thereafter, the Court scheduled another pre-trial conference for February 16, 1995. Stoenescu failed to appear at that conference. In view of that non-appearance, defendants stated that they would file a motion to dismiss, and the Court scheduled a pre-trial conference for June 23, 1995. On February 24, 1995, defendants filed a motion to dismiss for failure to prosecute.

By letter dated June 20, 1995, which was sent to Stoenescu's last known address, defendants requested the Court to cancel the scheduled conference, to take the motion to dismiss under submission and to grant such motion. On June 21, 1995, defendants sent a copy of such letter to Stoenescu and advised her to contact the Court with any objections in relation thereto. On June 22, 1995, the Court agreed to take the motion under submission and advised defendants that they need not appear at the conference. Stoenescu did not object to defendants' request, and she failed to appear at the conference.

## DISCUSSION

Although defendants move [**5] to dismiss for failure to prosecute, they also argue that the instant action should be dismissed for failure to serve process within 120 days, as required by *Fed. R. Civ. P. 4(m)*. [3] That claim must be rejected. Under *Rule 4(m)*, if service of process is not effected within 120 days, the action must be dismissed without prejudice only in the absence of "good cause." Under *Fed. R. Civ. P. 4(c)(2)(B)*, because Stoenescu was proceeding *in forma pauperis*, she was entitled to have the summons and complaint served by the Marshals Service. The failure of the Marshals Service to properly effect service of process constitutes "good cause" within the meaning of *Rule 4(m)*. See *Puett v. Blandford, 912 F.2d 270, 274-75 (9th Cir. 1990); Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990); Rochon v. Dawson, 828 F.2d 1107, 1109-10 (5th Cir. 1987); Romandette v. Weetabix Co., 807 F.2d 309, 311 (2d Cir. 1986).* [4]

> 3 Under the recent amendments to the Federal Rules of Civil Procedure, effective 1993, *Rule 4(m)* governs the time limitations on service of process. See *Fed. R. Civ. P. 4(m)*.

[**6]
> 4 As noted, defendant Princeton Township filed an answer, asserting an affirmative defense of insufficiency of process. By asserting that defense in its answer, Princeton Township preserved its right to assert that defense in the instant motion. See *Fed. R. Civ. P. 12(h)(1)*; see also *Pusey v. Dallas Corp., 938 F.2d 498, 501 (4th Cir. 1991); Krank v. Express Funding Corp., 133 F.R.D. 14, 16-17 (S.D.N.Y. 1990)*. The remaining defendants, who have not filed answers, have asserted that defense in a timely fashion. See *Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 168, 84 L. Ed. 167, 60 S. Ct. 153 (1939)*.

However, the instant action should be dismissed for failure to prosecute. The United States Supreme Court has recognized the inherent power of the district court to dismiss an action for failure to prosecute, a power which has been codified in *Fed. R. Civ. P. 41(b)*. See *Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962)* ("The authority of a court to dismiss . . . for lack of prosecution has generally been considered an 'inherent [**7] power,' . . . necessarily vested in the courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). In determining whether to exercise its inherent power to dismiss, the Court must consider the following factors:

> (1) the duration of plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the district judge has carefully balanced the need to alleviate court calendar congestion and a party's right to due process; and (5) [*271] whether the court has assessed the efficacy of lesser sanctions.

*Romandette, 807 F.2d at 312* (citing *Harding v. Federal Reserve Bank of New York, 707 F.2d 46, 50 (2d Cir. 1983))*. In general, no particular factor is dispositive. See

Case 1:07-cv-06247-PKC   Document 11-7   Filed 10/19/2007   Page 17 of 20

Page 3

162 F.R.D. 268, *; 1995 U.S. Dist. LEXIS 9634, **

*Nita v. Conn. Dep't. of Envtl. Protection, 16 F.3d 482, 485 (2d Cir. 1994).*

In this case, the Court concludes that the record as a whole warrants a dismissal for failure to prosecute. Since she wrote the Court concerning service of process in October 1993, almost 21 months ago, Stoenescu has failed to prosecute this action in any manner. [**8] *See, e.g., Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 666-67 (2d Cir. 1980)* (involving 6 months of inactivity); *West v. New York, 130 F.R.D. 522, 525 (S.D.N.Y. 1990)* (19 months of inactivity); *Yacub v. Coughlin, 105 F.R.D. 152, 153 (S.D.N.Y. 1985)* (21 months of inactivity). During that extensive period of time, Stoenescu has also failed to appear at two pre-trial conferences. *See, e.g., Yannitelli v. Navieras de Puerto Rico, 106 F.R.D. 42, 44 (S.D.N.Y. 1985)* (involving failure to attend four pre-trial conferences). Moreover, although this motion itself put Stoenescu on notice that defendants were seeking dismissal, *see, e.g., Rodriguez v. Walsh, 1994 U.S. Dist. LEXIS 278, 1994 WL 9688, at *2 (S.D.N.Y. 1994); Muhammad v. Neil, 1994 U.S. Dist. LEXIS 282, 1994 WL 9687, at *2 (S.D.N.Y. 1994); see also Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982)* (adequacy of notice turns on knowledge of consequences) (citing *Link, 370 U.S. at 632*), she has not responded to this motion. Where, as here, the plaintiff has caused an unreasonable delay, prejudice to the defendants may be presumed as a matter of law. *See Lyell, 682 F.2d at 43.* In view of the above, the Court concludes that [**9] dismissal is appropriate, and that any lesser sanction would be ineffective.

## CONCLUSION

In this case, because Stoenescu is proceeding *pro se*, the Court will dismiss the instant action without prejudice. To afford Stoenescu one final opportunity to prosecute this action, the Court hereby directs her to appear at a Pre-Trial Conference on July 28, 1995 at 1:00 p.m. in Courtroom 705. [5] If Stoenescu fails to appear at that conference, the complaint will be dismissed with prejudice and the Clerk of the Court shall be directed to close the above-captioned action.

 5   The defendants need not appear at the conference, unless otherwise directed by the Court.

It is **SO ORDERED.**

Dated: New York, New York

July 11, 1995

John E. Sprizzo

United States District Judge

LEXSEE 1995 USDIST LEXIS 17875

NELSON M. STOUTE, Plaintiff, - against - THE ROCKEFELLER FOUNDATION, Defendant.

93 Civ. 2628 (SAS)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

1995 U.S. Dist. LEXIS 17875; 34 Fed. R. Serv. 3d (Callaghan) 262; 67 Empl. Prac. Dec. (CCH) P43,953

November 27, 1995, Dated
November 30, 1995, FILED

**COUNSEL:** [*1] Nelson M. Stoute, plaintiff, [PRO SE], Brooklyn, NY.

For THE ROCKEFELLER FOUNDATION, defendant: Ellen M. Martin, Patterson, Belknap, Webb & Tyler, New York, NY.

**JUDGES:** Shira A. Scheindlin, U.S.D.J.

**OPINION BY:** Shira A. Scheindlin

**OPINION**

*OPINION AND ORDER*

**Shira A. Scheindlin, U.S.D.J.**

This is an employment discrimination suit brought by a former employee of The Rockefeller Foundation (the "Foundation"), pursuant to Title VII of the Civil Rights Act of 1964. Plaintiff Nelson Stoute ("Stoute") alleges that his employment was terminated, and that he was otherwise discriminated against, because of his race and sex.[1]

> 1 Specifically, Plaintiff alleges that during his period of employment, he was "paid a lesser salary, being [sic] held to a more strict (rigid) adherence to policies and procedures than other employees holding comparable titles (positions), and was denied transfers and promotions to positions [he] had applied for and was qualified to fill. These inequities in salary, policies and procedures and opportunity for advancement were based on [his] race, national origin, color and sex[.]" Complaint P 9.

The Foundation has moved for dismissal or summary judgment [*2] on various grounds, including failure to prosecute. For the following reasons, the motion to dismiss is granted for failure to prosecute. The other issues raised in this motion are thus rendered moot and will not be addressed.

I. *Facts*

Stoute was employed by the Foundation from April 1, 1985 through May 8, 1990 as an Operations Assistant at the Foundation's Office Services Department. Declaration of Cathy R. Boston, Assistant to the Manager of the Office Services Department ("Boston Decl.") PP 2, 15. In that capacity, Stoute was responsible for a variety of clerical tasks, including verifying courier bills, monitoring the stock in supply closets, replenishing the stock when necessary, filling requests for Foundation publications, maintaining an updated list of service contracts, and tallying photocopy use throughout the Foundation. To a lesser extent, Stoute was also responsible for providing relief coverage at the switchboard and reception desk during lunch and break times, for closing the switchboard at the conclusion of the work day, and for filling in elsewhere in the department when his assis-

1995 U.S. Dist. LEXIS 17875, *; 34 Fed. R. Serv. 3d (Callaghan) 262;
67 Empl. Prac. Dec. (CCH) P43,953

tance was needed. Declaration of Carol Jimenez Tyler, Senior Program Associate [*3] ("Tyler Decl.") P 2.

Throughout Stoute's five years of employment at the Foundation, each of four different supervisors observed that Stoute's performance was unsatisfactory. Declaration of Sally A. Ferris, Director of Administration ("Ferris Decl.") Ex. A. On at least three occasions, Stoute was warned that he would be subject to disciplinary action unless his punctuality improved. See Declaration of Charlotte N. Church, Manager of Human Resources ("Church Decl.") Ex. A-B; Tyler Decl. Ex. C-E. Stoute was cited for performance problems by his various supervisors, who had specific concerns about Stoute's organization, timeliness, and attitude. Stoute was occasionally threatened with termination unless he improved in these areas as well. See Church Decl. Ex. A; Tyler Decl. P 3, Ex. B, Ex. E; Boston Decl. PP 7-13. Eventually, on May 8, 1990, after this long history of poor performance and threatened disciplinary action, Stoute's employment was terminated. Boston Decl. P 15; Ferris Decl. PP 2-3.

II. *Standard for Dismissal For Failure to Prosecute*

At a court's discretion, an action may be dismissed for failure to prosecute pursuant to *Federal Rule of Civil Procedure 41(b).* [*4] [2] *Merker v. Rice, 649 F.2d 171, 173 (2d Cir. 1981).* While a strict meaning of the phrase "failure to prosecute" is elusive at best, the Second Circuit has held that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982).*

> 2  Fed. R. Civ. P. 41(b) states in relevant part:
>
> > For failure of the plaintiff to prosecute . . ., a defendant may move for dismissal of an action . . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits.

The Second Circuit has delineated five factors for a court to consider in dismissing a case for a failure to prosecute:

> (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced [*5] by further delay; (4) whether the district judge has carefully balanced the need to alleviate court calendar congestion and a party's right to due proccess; and (5) whether the court has assessed the efficacy of lesser sanctions.

*Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993)* (citations omitted). Not all of the *Peart* factors must be present to warrant dismissal. *Shim v. Richman, 90 Civ. 7373, 1994 U.S. Dist. LEXIS 3737, *5, 1994 WL 115996 at *2-3 (S.D.N.Y. March 29, 1994).* Moreover, these factors are applicable whether the plaintiff is represented by counsel or is acting *pro se. Yan v. Kohler, 91 Civ. 1689, 1994 U.S. Dist. LEXIS 1626, *5, 1994 WL 48804 at *2 (S.D.N.Y. Feb. 17, 1994).*

Here, an analysis of the *Peart* factors indicates that dismissal is warranted. First, the duration of Stoute's failure to prosecute has lasted since the early stages of discovery. Stoute refused to respond to most of the Foundation's discovery requests and failed to appear for deposition on three separate occasions.[3] Declaration of Ellen M. Martin, Counsel for Defendant ("Martin Decl.") PP 8-13, 21, 25. In addition, Stoute never advanced his case by taking any discovery on his own behalf. Martin Decl. P 19. Stoute failed to [*6] attend two pretrial conferences and arrived fifteen minutes late for a third conference. *Id.* PP 16, 18, 28. Since the commencement of this action, Stoute has shown no interest in pursuing his claims against the Foundation. His refusal to become an active participant in his own suit continues to this day. Stoute never responded to the Foundation's motion for summary judgment and dismissal which is before the Court today.

> 3  According to the Foundation, "on only one of those occasions did he call, and that time he did so only twelve minutes before the deposition's start time. On each of those occasions defense counsel had to prepare for the deposition, and on two of those occasions the court reporter appeared, to no avail." Defendant's Memorandum of Law in Support of its Motion For Summary Judgment and Dismissal For Failure to Prosecute at 39.

Second, Stoute has been notified that further delays would result in dismissal of this action. After Stoute failed to appear for a September 21, 1994 court appearance, [*7] Judge Sotomayor signed an Order to Show Cause that warned Stoute that if he failed to attend the next scheduled conference, the court would "interpret his absence as an intent to abandon prosecution of this action and will dismiss this action pursuant to *Federal Rule of*

Case 1:07-cv-06247-PKC    Document 11-7    Filed 10/19/2007    Page 20 of 20

Page 3

1995 U.S. Dist. LEXIS 17875, *; 34 Fed. R. Serv. 3d (Callaghan) 262;
67 Empl. Prac. Dec. (CCH) P43,953

Civil Procedure 41(b) on grounds of failure of the plaintiff to prosecute." Martin Decl. P 16, Ex. O.

Nonetheless, Stoute failed to attend a subsequent conference held on August 17, 1995, despite being sent a copy of a letter from defense counsel to the Court explaining that the defense wished to discuss dismissal for plaintiff's failure to prosecute. *Id.* P 27, Ex. T. The Foundation sent Stoute a copy of the transcript of that conference in which the Court indicated it would be inclined to grant a motion for failure to prosecute. *Id.* P 27. Stoute still has not responded in any manner. *Id.* P 30.

Third, the Foundation is likely to be prejudiced by further delay. "Prejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp.*, 682 F.2d at 43. Here, some of the acts complained of occurred almost ten years ago. The Foundation has incurred unnecessary attorneys' fees due [*8] to Stoute's refusal to attend his own deposition and the various court conferences.

Fourth, a balance between alleviating the court's calendar and the defendant's right to due process weighs heavily in favor of the former. The power to dismiss a case for failure to prosecute exists in part "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962). The primary purpose behind *Rule 41(b)* is to promote swift disposition of cases. *See Lukensow v. Harley Cars of New York*, 124 F.R.D. 64, 66 (S.D.N.Y. 1989). Stoute has taken no action to move this case through the judicial process since its inception over two years ago.

Fifth, the imposition of lesser sanctions will likely have no effect on the progress of this case. Stoute has shown both disregard for and disrespect towards the Foundation as well as this Court throughout all stages of this suit. "Given the duration of plaintiff's dilatory conduct, and its persistence in the face of efforts by the court and opposing counsel to move the case forward, there is no basis to conclude [*9] that sanctions short of dismissal would remedy the situation." *Yan v. Kohler*, 1994 U.S. Dist. LEXIS at *11, 1994 WL 48804 at *4.

III. *Conclusion*

For the foregoing reasons, Plaintiff's suit is dismissed with prejudice.

SO ORDERED:

Shira A. Scheindlin

U.S.D.J.

Dated: New York, New York

November 27, 1995